UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN A. JOHNSON, | No. C-07-2387 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES, COSTS, AND EXPENSES** |
| MICHAEL J. ASTRUE, | |
| Defendant. | **(Docket No. 18)** |

_____/

Previously, the Court issued an order granting in part Plaintiff's motion to remand for further administrative proceedings. *See* Docket No. 15 (order, filed on 4/25/2008). Now pending is Plaintiff's motion for attorney's fees, costs, and expenses. Having reviewed the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Plaintiff's motion.[1]

## I. DISCUSSION

A.  Attorney's Fees

The Equal Access to Justice Act ("EAJA") provides that,

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[1] The Court issues this order based on the parties' written submissions. Neither party asked for a hearing on the motion, and the Court also concluded that no hearing was necessary.

28 U.S.C. § 2412(d)(1)(A). Under the statute,

> "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (I) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.) . . . .

*Id.* § 2412(d)(2)(A).

Here, the Commissioner does not dispute that Plaintiff is entitled to some attorney's fees under the EAJA. Rather, the Commissioner's sole dispute is that the fees requested by Plaintiff are not reasonable. More specifically, the Commissioner contends that Plaintiff should be compensated for only 35 hours of attorney time, not 47 hours.[2] *See* Opp'n at 1. The Commissioner does not object to the hourly rate requested by Plaintiff (*i.e.*, $166.46 per hour).

The Court finds that the Commissioner's position is not persuasive. Neither of his main arguments is convincing. First, while the instant case was not overly complex and fairly routine, the Commissioner's own authority indicates that an award of 47 hours would not be out of line -- particularly where, as here, some of the 47 hours were related to the currently pending fee and cost motion. *See Harden v. Commissioner*, 497 F. Supp. 2d 1214, 1215-16 (D. Or. 2007) (noting, that absent unusual circumstances or complexity, 20-40 hours is a reasonable amount of time to spend on a social security case; ultimately awarding fees for 40 hours of time); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 n.2 (C.D. Cal. 2000) (citing cases in which as many as 41-46.5 hours of time were compensated); *see also Hardy v. Callahan*, No. 9:96-CV-257, 1997 U.S. Dist. LEXIS 12161, at *27-29 & n.10 (E.D. Tex. 1997) (awarding fees for 46.5 hours, including 6.5 hours for fee petition; noting that "the typical EAJA application in social security cases claims between thirty and forty

---

[2] Six of the 47 hours were related to the currently pending fee and cost motion. *See* Rizzo Decl., Ex. A.

2

hours," and concluding that "this appears to be an appropriate average" for "relatively non-complex" social security cases).

Second, the Commissioner's contention that Plaintiff's counsel should not have billed multiple times for legal research given her experience -- *i.e.*, the research was not necessary or redundant -- is unconvincing. The time entries that the Commissioner cites show that legal research was conducted in conjunction with the drafting of a brief (*e.g.*, opening motion for summary judgment, reply brief, fee and cost motion). The fact that some research is required is not remarkable and the total hours spent per entry appears reasonable.

The Court therefore awards Plaintiff the full fee award requested, based on 47 hours. In addition, the Court awards Plaintiff an additional fee based on the time spent by counsel to review and prepare a reply to the Commissioner's opposition to the fee motion. Plaintiff's attorney spent 10 hours on these tasks. The Court concludes that this was a reasonable amount of time. Notably, the Commissioner did not file any brief contesting the reasonableness of this time.

To summarize, the Court awards Plaintiff a total of $9,488.22 in attorney's fees, representing 57 hours at a rate of $166.46.

B.   Costs

Under the EAJA,

> [e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title [28 U.S.C. § 1920], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1).

In its opposition, the Commissioner does not dispute that Plaintiff is entitled to costs. Instead, the Commissioner's only argument is that any award of costs pursuant to § 1920 should be paid, not by his own agency, but rather by the Treasury Department. *See* 28 U.S.C. § 2412(c)(1) ("Any judgment against the United States or any agency and any official of the United States acting

3

in his or her official capacity for costs pursuant to subsection (a) shall be paid as provided in sections 2414 and 2517 of this title [28 U.S.C. §§ 2414] and shall be in addition to any relief provided in the judgment."); *id.* § 2414 ("Except as provided by the Contract Disputes Act of 1978, payment of final judgments rendered by a district court or the Court of International Trade against the United States shall be made on settlements by the Secretary of the Treasury.").

The Court agrees with the Commissioner that the only items that qualify as costs under § 1920 are the filing fee ($350) and the copying costs ($37).[3] *See* Rizzo Decl., Ex. B.  However, the Court does not agree that Plaintiff must seek these costs from the Treasury Department directly. While the Commissioner may be right that costs ultimately come out of the Treasury Department's pocket, the Court is not aware of any requirement that, in litigation such as this, Plaintiff seek the costs from the Treasury Department instead of the Commissioner.  Both the Commissioner and the Treasury Department are part of the United States government.  Costs are normally assessed against the party who loses.  The Court therefore orders that costs in the amount of $387 be paid by the Commissioner.

C.   Expenses

As noted above, the EAJA authorizes the award of not only reasonable attorney's fees but also reasonable expenses.  *See* 28 U.S.C. § 2412(d)(1)(A).  The Commissioner challenges only one type of expense sought by Plaintiff -- *i.e.*, the expense of electronic legal research.  According to the Commissioner, the expense of electronic legal research is an overhead expense which is generally not reimbursable.  The Commissioner also argues that "allowing a reimbursement for counsel's time performing legal research as well as the computer charges [would] be duplicative."  Opp'n at 6.

The Court does not agree.  Other courts have routinely awarded the expense of electronic legal research pursuant to the EAJA.  *See, e.g.*, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) ("[W]e reject the government's argument that telephone, reasonable travel, postage, and computerized research expenses are not compensable under the EAJA."); *Washington Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1433 (W.D. Wash. 1989) ("The expense of computerized

---

[3] In the opening brief, Plaintiff asked for copying costs in the amount of $35.40.  In the reply brief, Plaintiff asked for an additional $1.60 for copying costs.

legal research is . . . recoverable."). And notably, the very authority cited by the Commissioner indicates that it would not be duplicative if an attorney were to charge both for her time spent on legal research as well as the computer fee itself. *See Haroco v. American Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 2004) (stating that "computer research costs 'are more akin to awards under attorney's fees provisions than under costs' and that "such costs are indeed to be considered attorney's fees"; then stating that "[t]he added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching" such that "we see no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee"); *see also In re Media Vision Tech. Secs. Litig.*, 913 F. Supp. 1362, 1371 (N.D. Cal. 1995) (stating that "Lexis is an essential tool of a modern efficient office" and, "[a]s such, it saves lawyers' time by increasing the efficacy of legal research") (internal quotation marks omitted).

Accordingly, the Court awards all of Plaintiff's expenses, including that for electronic legal research, in the amount of $533.83.[4]

## II. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion and awards $9,488.22 in attorney's fees, $387 in costs, and $533.83 in expenses. Pursuant to Plaintiff's request, the attorney's fees shall be paid directly to his attorney. *See* Johnson Decl. ¶¶ 3-4.

This order disposes of Docket No. 18.

IT IS SO ORDERED.

Dated: August 27, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[4] In the opening brief, Plaintiff asked for expenses in the amount of $449.23. In the reply brief, Plaintiff asked for an additional $84.60 for expenses.